UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22177-BLOOM/Otazo-Reyes

WINDELL GORDON,

    Plaintiff,

v.

GARRETT RIPA, *et al.*

    Defendants.

_____/

### ORDER ON MOTION TO DISMISS COMPLAINT AS MOOT

**THIS CAUSE** is before the Court upon Defendants Garrett Ripa, Corey A. Price, Tae Johnson, and Alejandro Mayorkas' (collectively, the "Government") Motion to Dismiss Complaint as Moot, ECF No. [11] ("Motion"). Plaintiff Windell Gordon ("Gordon" or "Plaintiff") filed a Response, ECF No. [14], to which the Government filed a Reply, ECF No. [15]. The Court has carefully considered the Motion, the Response and Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

**I.     BACKGROUND**

Gordon commenced this case on June 14, 2021, seeking mandamus, injunctive and declaratory relief arising from the Government's failure to refer him to an asylum officer for a reasonable fear interview ("RFI") in connection with his desire to seek withholding from removal. *See* ECF No. [1] ("Complaint"). In addition, Gordon alleged that the Government imposed a novel timeliness requirement for requesting a RFI, which is not otherwise required by statute or regulation. *Id.* As a result, Plaintiff asserts causes of action for violation of the Administrative Procedures Act ("APA") and procedural due process. Plaintiff requests that the Court declare the

Government's actions to be unlawful, and direct the Government to refer Plaintiff for a RFI. In addition, Plaintiff requests that the Court enter an order enjoining the Government from imposing a timeliness requirement on requests for RFIs from individuals subject to a removal order under 8 U.S.C. § 1228(b).

In the Motion, the Government seeks dismissal of the Complaint arguing that this case is moot.

## II.     LEGAL STANDARD

Rule 12(b)(1) provides the proper framework for evaluating a motion to dismiss on grounds of mootness. *See Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 (11th Cir. 2007). A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990)). "A 'factual attack,' on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings." *Kuhlman v. United States,* 822 F. Supp. 2d 1255, 1256-57 (M.D. Fla. 2011) (citing *Lawrence,* 919 F.2d at 1529); *see Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.,* 524 F.3d 1229, 1233 (11th Cir. 2008) ("By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.").

"In assessing the propriety of a motion for dismissal under Fed. R. Civ. P. 12(b)(1), a district court is not limited to an inquiry into undisputed facts; it may hear conflicting evidence

and decide for itself the factual issues that determine jurisdiction." *Colonial Pipeline Co. v. Collins,* 921 F.2d 1237, 1243 (11th Cir. 1991). As such, "[w]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1), the district court is free to independently weigh facts, and 'may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56.'" *Turcios v. Delicias Hispanas Corp.,* 275 F. App'x 879, 880 (11th Cir. 2008) (citing *Morrison v. Amway Corp.,* 323 F.3d 920, 925 (11th Cir. 2003)).

### III.   DISCUSSION

In the Motion, the Government mounts a factual attack and argues that this case should be dismissed as moot because, after filing this case, Plaintiff was referred for a RFI—in other words, Plaintiff received the specific and concrete relief he requested in the Complaint. In response, Plaintiff argues that this case is not moot because granting him the RFI has not addressed his claim regarding the arbitrary timeliness requirement the Government imposed with respect to requesting the RFI. Plaintiff contends further that the Court should not dismiss this case as moot because ceasing unlawful conduct in a single instance—i.e. voluntary cessation—is insufficient. However, the Government's Motion is not predicated upon the voluntary cessation doctrine.[1] Rather the Government argues that because Plaintiff has obtained the relief requested, there is no longer a live controversy with respect to which the Court can give meaningful relief. The Court agrees.

---

[1] "The voluntary-cessation doctrine is an exception to the general rule that a case is mooted by the end of the offending behavior." *Houston v. 7-Eleven, Inc.,* 2014 WL 351970, at *2 (S.D. Fla. Jan. 31, 2014) (citing *Sheely,* 505 F.3d at 1183). Under this exception, "the voluntary cessation of challenged conduct will only moot a claim when there is no 'reasonable expectation' that the accused litigant will resume the conduct after the lawsuit is dismissed." *Nat'l Ass'n of Bds. of Pharm. v. Bd. of Regents of the Univ. Sys. of Ga.,* 633 F.3d 1297, 1310 (11th Cir. 2011) (quoting *Jews for Jesus v. Hillsborough Cnty. Aviation Auth.,* 162 F.3d 627, 629 (11th Cir. 1998)). "In other words, when a party abandons a challenged practice freely, the case will be moot only if it is '*absolutely clear* that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Harrell,* 608 F.3d at 1265 (emphasis in original; quoting *Ala. v. U.S. Army Corps of Eng'rs,* 424 F.3d 1117, 1131 (11th Cir. 2005)).

"Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" *Mingkid v. U.S. Att'y Gen.,* 468 F.3d 763, 768 (11th Cir. 2006). "A federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Harrell v. The Fla. Bar,* 608 F.3d 1241, 1265 (11th Cir. 2010) (quoting *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12, (1992)). "The doctrine of mootness derives directly from the case-or-controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Al Najjar v. Ashcroft,* 273 F.3d 1330, 1335 (11th Cir. 2001) (quoting *Adler v. Duval Cnty. Sch. Bd.,* 112 F.3d 1475, 1477 (11th Cir. 1997)). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.,* 225 F.3d 1208, 1216-17 (11th Cir. 2000) (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)). "Put another way, '[a] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Id.* Thus, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed. Indeed, dismissal is required because mootness is jurisdictional. Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla.,* 382 F.3d 1276, 1282 (11th Cir. 2004); *see also Fla. Ass'n of Rehab. Facilities, Inc.*, 225 F.3d at 1217.

Here, Plaintiff does not dispute that he has received his RFI. Rather, Plaintiff contends that "[t]his Court must act to prevent Defendants from again hamstringing the rights of individuals facing removal to countries they fear with extra-regulatory secret procedures. Without an order

from this Court, Defendants are free to continue imposing illegal timeliness requirements on RFI referral requests." ECF No. [14] at 3. However, a request for injunctive relief is moot if: "(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Reich v. Occupational Safety & Health Review Comm'n*, 102 F.2d 1200, 1201 (11th Cir. 1993) (quoting *Cnty. of Los Angeles v. Davis*, 440 U.S. 625 (1979)). Moreover, "[s]tanding for Article III purposes requires a plaintiff to provide evidence of an injury in fact, causation and redress[a]bility." *Dermer v. Miami-Dade Cnty.*, 599 F.3d 1217, 1220 (11th Cir. 2010) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Specifically, "[t]o have standing, a plaintiff must show (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that the injury will be redressed by a favorable decision." *Kelly v. Harris*, 331 F.3d 817, 819-20 (11th Cir. 2003); *see Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 980 (11th Cir. 2005) (same).

While the Court is sympathetic to Gordon's wider concerns, they do not alone provide a basis for jurisdiction in this case. Gordon has obtained the relief he sought—the RFI. He therefore no longer has an injury that could be redressed in this case. In addition, his request for injunctive relief is moot, and he lacks standing to assert it. Notably, Gordon asserts his claims individually, and has not sought to assert claims on behalf of a class of individuals who request referral for a RFI. Consequently, now that he has indisputably obtained the relief he requested—the RFI—he cannot allege that there is a reasonable expectation that the alleged violation will recur with respect to him, and he lacks standing to assert claims on behalf of anyone but himself. It bears noting that while voluntary cessation of allegedly illegal conduct generally does not render a case moot,

Case No. 21-cv-22177-BLOOM/Otazo-Reyes

Gordon's claims here relate only to his individual case. As such, there is no further action for the Court to take since the Government's allegedly illegal conduct toward Gordon has ceased and any further decision in this case would constitute an impermissible advisory opinion.[2]

## IV. CONCLUSION

Accordingly, the Motion, **ECF No. [11]**, is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**. Any pending motions are denied as moot and all deadlines are terminated. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 18, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[2] Because the Court finds that Gordon's claims are moot and he otherwise lacks standing to assert a claim arising from an allegedly illegal timeliness requirement, the Court finds that a hearing with respect to the alleged illegal timeliness requirement as requested by Gordon would not be appropriate or helpful.